## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

SALVATORE-ALESSANDRO
MARINELLO,

      Plaintiff,

v.                                  Case No. 4:23-cv-23-AW/MJF

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Because Plaintiff failed to timely serve the Defendant, the District Court should dismiss this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On July 17, 2023, the undersigned ordered Plaintiff to serve on Defendant the fourth amended complaint. Doc. 20. The undersigned provided Plaintiff with a deadline of October 16, 2023. The undersigned warned Plaintiff that any failure to effect service timely likely would result in dismissal of this action.

Because Plaintiff still had not effected service, on November 7, 2023, the undersigned ordered Plaintiff to articulate the steps Plaintiff had taken to accomplish service and to show cause why this case should not be dismissed for failure to effect timely service. Doc. 22. The undersigned imposed a compliance deadline of November 28, 2023, and again warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.* Plaintiff has not complied with that order.

## II. DISCUSSION

"Service is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inves.*, 553 F.3d 1351, 1360 (11th Cir. 2008). "The plaintiff . . . is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank Of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007). Thus, a plaintiff must ensure that service is completed within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Lepone-Dempsey*, 476 F.3d at 1280–81.

Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

## A.    Plaintiff Has Not Articulated Good Cause for His Tardiness

If a plaintiff shows good cause for his failure to timely serve a defendant, the court must extend the deadline. Fed. R. Civ. P. 4(m). Good cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). In determining whether good cause exists, "[c]ourts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause' requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted).

Here, the undersigned afforded Plaintiff an opportunity to explain and show cause why this case should not be dismissed for failure to effect service timely. Doc. 22. Plaintiff has not responded to that order and has offered no excuse for his failure to effect service timely. Consequently, Plaintiff has failed to show good cause for an extension of time to effect service.

**B.**   **A Permissive Extension of the Deadline Is Not Warranted**

Even in the "absence of good cause," a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. In determining whether a permissive extension is warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp*, 402 F.3d at 1132–33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments).

Here, a permissive extension of time to serve Defendant is not warranted. First, there is no evidence that Defendant attempted to evade service or concealed a defect in service. Second, although Plaintiff's Truth

in Lending Act claim may be barred by the applicable statute of limitations, this "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282. This is especially true when a plaintiff is not actively prosecuting his case.

Plaintiff's last filed a document with the court *more than six months ago. See* Doc. 19. In the past six months, the undersigned twice warned Plaintiff that this case likely would be dismissed unless he took actions to prosecute this case. Doc. 20; Doc. 22. Despite these warnings, Plaintiff still has not served Defendant and has not sought an extension of the deadline to effect service. Indeed, Plaintiff has not responded to the undersigned's orders and this case essentially has been dormant for six months.

"The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). Delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[P]ossibilities for error multiply rapidly as time elapses between the original fact and its

judicial determination." *Rheuark v. Shaw*, 628 F.2d 297, 303–04 n.10 (5th Cir. 1980). Accordingly, federal courts have a duty to ensure that cases are progressing toward a resolution. Plaintiff's lack of prosecution has prevented this case from being resolved timely on the merits. The District Court's need to keep cases moving toward a resolution outweighs any interest that Plaintiff may have in this case remaining pending and inactive indefinitely. The District Court, therefore, should dismiss this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

Because Plaintiff has failed to effect service of Defendant, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DISMISS** this action without prejudice pursuant to Fed. R. Civ. P. 4(m).

2.     **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>29th</u> day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**